## Ida N. Giblin vs. James H. Giblin.

APRIL 25, 1924.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Appeal and Error.  Transcript.*

Where reasons of appeal raise only the question of the jurisdiction of the lower court, a transcript of the testimony is not required.

(2)  *Divorce.  Allowances.*

After a petition for divorce was granted the court entered an interlocutory decree fixing an allowance until further order of the court. The decree was assented to by the parties. Thereafter a final decree was entered, which awarded alimony to the petitioner in the same sum fixed by the interlocutory decree for an allowance, and thereafter the court modified the decree:—

*Held,* that by assenting to the entry of the interlocutory decree the respondent did not make any agreement relative to the payment of alimony, which barred the court from modifying the final decree awarding alimony, which authority was vested in the court under Gen. Laws, 1923, sec. 4216.

Divorce.  Heard on appeal of petitioner and dismissed.

Rathbun, J.  This is a petition for divorce.  The case is before us on the petitioner's appeal from a decree of the Superior Court modifying a decree for allowance.  At the hearing before us the respondent moved to dismiss the appeal on the ground that the appellant failed to file with the clerk of the Superior Court a transcript of the testimony taken orally in the case by the justice who entered the decree appealed from.  See Gen. Laws, 1923, Section (4959).

The reasons of appeal raise the single question whether the Superior Court had jurisdiction to modify said decree. As a transcript of the oral evidence would be of no assistance to the court in passing upon the question of jurisdiction there was no necessity for filing a transcript and the motion to dismiss is denied.

On July 8, 1921 a justice of the Superior Court granted the petition for divorce and entered an interlocutory decree fixing an allowance until further order of the court for the support of the petitioner and a minor child of the parties. Said decree was assented to by the parties and fixed the

allowance for the support of the petitioner and said minor child at $18.00 per week until said child should arrive at the age of twenty-one years and fixed the allowance for the petitioner thereafter at $15.00 per week. On January 10, 1922, six months having elapsed after the granting of said petition, a final decree divorcing the parties was entered. Said decree awarded alimony to the petitioner in the sum of $18.00 per week for the support of the petitioner and the minor child of the parties until said child arrives at the age of twenty-one years and thereafter in the sum of $15.00 per week for the support of the petitioner.

The petitioner contends that inasmuch as the entry of the decree of July 8, 1921, granting an allowance, was assented to by the parties the Superior Court was without jurisdiction to modify said decree without the consent of the parties. It is a sufficient answer to say that the Superior Court did not attempt to modify said decree. The final decree is the decree which was modified. The petitioner further contends that as the decree of July 8th for an allowance was entered with the consent of the parties it is an agreement between the parties relative to alimony which agreement courts are bound to enforce; that the Superior Court embodied in the final decree the terms of said decree for an allowance and that the court in modifying said final decree nullified said agreement.

From the record before us it is apparent that the justice who granted the petition for divorce awarded to the petitioner at the same time an allowance to be paid to her until the entry of final decree. It is also apparent that said justice at the same hearing granted the petitioner alimony, that is, an allowance to be paid by the respondent to her after the entry of final decree, in the same weekly amounts as he awarded as an allowance pending the entry of final decree. The decree of July 8th fixing said allowance does not purport to be an agreement relative to alimony. The decree was entered by said justice and it directed the payment of the temporary allowance "until further order of the

court." Said decree does provide that when said minor child reaches the age of twenty-one years the allowance shall be reduced from $18.00 to $15.00 per week. What the age of said child was does not appear. Said decree was not the final but an interlocutory decree. By assenting to its entry the respondent made no agreement relative to the payment of alimony.

The Superior Court presumably for sufficient reason (which question is not before us) modified said final decree by reducing the amount to be paid to the petitioner weekly as alimony. Gen. Laws, 1923, Section (4216) provides that any decree "ordering payment of alimony in any fixed sum or sums either indefinitely or for a certain period may for sufficient cause at any time be altered, amended and annulled by said court, after notice to the parties interested therein."

The appeal is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Albert N. Peterson,* for petitioner.
*Wm. H. McSoley,* for respondent.